IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD ANTHONY PRYCE,

    Petitioner

v.

WARDEN WILLIAM A. SCISM,

    Respondent

CIVIL NO. 1:10-CV-1680

Hon. John E. Jones III

## **MEMORANDUM**

January 6, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Richard Anthony Pryce ("Petitioner" or "Pryce"), an inmate presently confined at the Low Security Correctional Institution Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania, commenced the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He also filed a supporting Memorandum of Law. (Doc. 2.)

By Order dated August 23, 2010, we directed service of the Petition on Respondent, and directed Respondent to file an answer to the Petition within twenty-one (21) days. (Doc. 9.) On September 10, 2010, Respondent filed a Response (Doc. 11) and supporting authority (Doc. 11-2). On September 23, 2010, Petitioner filed a

reply brief. (Doc. 13.) He simultaneously filed a Motion requesting an extension of time to file a reply brief to enable him to conduct discovery. (Doc. 12.) On September 27, 2010, Petitioner filed a Motion for an Evidentiary Hearing (Doc. 14), which Respondent has opposed (*see* Doc. 15).

The Petition now is ripe for disposition, and for the reasons set forth below, will be dismissed for lack of jurisdiction. Moreover, in light of our determination that we lack jurisdiction over the issues presented in the instant Petition, the two (2) pending Motions by Petitioner requesting the opportunity to conduct discovery and for an evidentiary hearing will be denied as moot.

## I. FACTUAL BACKGROUND

In the Response to the Petition, Respondent provides the following background as to Pryce's entry into a Plea Agreement and subsequent sentencing in the United States District Court for the Southern District of New York:

> On June 29, 2005, pursuant to a written Plea Agreement, Pryce pleaded guilty to felon in possession of a firearm. See Doc. 9, S.D.N.Y. Docket No. 7:05-cr-002240CM, pp. 2,4.[1] The Plea Agreement explained in explicit detail that Pryce was an armed career criminal subject to the enhanced sentencing provisions of 18 U.S.C. § 924(3). Id. The agreement also set forth Pryce's lengthy history of prior convictions; it set forth which of those numerous prior convictions were prior convictions for violent felony and/or serious drug offenses such that they qualified as prior convictions within the meaning of 18 U.S.C. § 924(e);

---

[1] *See* S.D.N.Y. Docket, available at http://www.pacer.gov.

and set forth that the defendant was consequently facing a maximum statutory minimum sentence of 15 years imprisonment and a statutory maximum of life imprisonment. Id. Further, the Plea Agreement stated that Pryce's sentencing guidelines range was 15 years to 188 months and that Pryce was, by entering into the agreement, waiving his right to appeal or litigate under 18 U.S.C.§2255 "any sentence within or below [that range]." Id.

Further, during the guilty plea hearing, the Government stated that it was "stipulated between the Government and the defense [that the defendant] falls within the parameters of 924(e), which is to say, he is an armed career criminal; which is to say he has three or more prior convictions for felonies, either serious drug offenses or violent felonies. Because of that, his statutory sentencing range is 15 years to life." Id. p. 3. Pryce was asked whether he understood that, and he replied that he did. Id. Pryce was further informed that the Plea Agreement set forth a stipulated Sentencing Guidelines range of 15 years to 188 months, and Pryce acknowledged that he understood that. Id. Pryce also acknowledged that by the terms of the Plea Agreement he was giving up any right "to appeal or otherwise attack the sentence of the Court" provided that the sentence was not higher than 188 months. Id. Finally, during the guilty plea hearing, Pryce acknowledged that he had previously been convicted in the State of Massachusetts of each of five discrete serious drug or violent felony offenses. Id. On October 4, 2005, Pryce was sentenced to a term of 180 months imprisonment and five years of supervised release. Doc. 7, S.D. N.Y. Docket No. 7:05-cr-00224-CM.

On October 23, 2006, Pryce filed a Motion to Vacate under 28 U.S.C. § 2255 alleging a litany of conclusory allegations including actual innocence, ineffective assistance of counsel, due process violations, illegal seizure, jurisdiction violations, abuse of discretion, abuse of process, malicious prosecution, abandonment by counsel, and civil rights and equal protection violations for use of a sentence enhancement. Doc. 1, S.D. N.Y. Docket No. 7:06-cv-10212-CM.

On November 6, 2006, Pryce sough[t] to amend his petition to remove all other claims except ineffective assistance of counsel during the plea stage of the proceeding. Doc. 8, S.D. N.Y. Docket No. 7:05-cr-00224-CM.

3

> The motion was also accompanied by an affidavit wherein Pryce avers, among other things, that he told his defense counsel that he did not want to plead guilty and face a life sentence, that his counsel advised him that he would secure a stipulation that "the maximum penalty imposed would be the 15 year minimum" and that his counsel never advised him that the Government "had to file a notice of its intent to enhance my maximum penalty." Id. Pryce further averred that had he "known that the Government had to file an information of its intent to enhance [his] maximum penalty, [he] would not have waived is right to appeal the sentence or collaterally attack the sentence, as the sentence is now in error of law because no [prior felony] information was filed according to the Docket Sheet." Id.
>
> The District Court denied Pryce's 2255 Motion concluding that although Pryce's plea agreement was clear that he was relinquishing his right to collateral attack of his sentence, *assuming arguendo* that he had not, Pryce had still failed to make a substantial showing of a denial of a constitutional right. Doc. 12, S.D. N.Y. Docket No. 7:05-cr-00224-CM, p. 11; see also Doc. 6, S.D. N.Y. Docket No. 7:06-cv-10212-CM. The District Court further ruled that a certificate of appealability would not issue. (Id.) Notwithstanding the District Court's Order, Pryce filed an appeal on January 23, 2007, which was dismissed on April 15, 2008. Docs. 14, 17, S.D. N.Y. Docket No. 7:05-cr-00224-CM.

(Doc. 11, Response, at 2-4.)

In the instant Petition, Pryce asserts that he is actually innocent of being a career criminal in that his prior convictions in the Commonwealth of Massachusetts should not have been considered to enhance his current federal sentence under the provisions of 18 U.S.C. § 924(e) in light of the United States Supreme Court's holdings in *Chambers v. United States*, 555 U.S. 122 (2009), *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Rodriquez*, 553 U.S. 377 (2008).

4

## II. DISCUSSION

The proper method for an individual convicted in federal court to challenge the validity of his federal conviction and sentence is to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Motions filed pursuant to § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 693 (3d Cir. 1954).

Habeas relief under 28 U.S.C. § 2241 only is available if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

stringent gatekeeping requirements of the amended § 2255."[2] *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251); *see also Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Turning to the case at hand, Pryce does not demonstrate that his claims fall within the limited exception outlined in *Dorsainvil* such that he would be entitled to pursue relief under § 2241 rather than under § 2255. Most significantly, we observe that Pryce does not claim that a change in the law has occurred that makes the conduct for which he was convicted no longer criminal. Further, although he argues in his reply brief (*see* Doc. 13 at 2-3) that his claims are based on a "new substantive

---

[2]The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-32, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. § 2255) brought the significant change that prisoners must file their § 2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest. Another change is that a second or successive § 2255 motion now can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. § 2255; *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997); *see also Tyler v. Cain*, 533 U.S. 656, 661 (2001).

6

interpretation of criminal law" that was not available previously, and specifically cites *Begay* in support of his argument, we observe that Pryce could have raised similar claims in his § 2255 motion filed with the sentencing court regarding the use of his Massachusetts convictions to enhance his sentence, but he failed to do so. His failure to raise these claims in his § 2255 motion does not make the remedy provided under § 2255 inadequate or ineffective so as to allow him to pursue habeas relief with this Court at this time. *Sines v. Wilner*, 2009 WL 2365406, *1-2 (D. Col., Jul. 31, 2009) (Doc. 11-2 at 18); *see also Prince v. Hollingsworth*, 2009 WL 3719399, *2 (S.D. Ill., Nov. 5, 2009) ("lack of success [on previous § 2255 motion] or even the fact that, in retrospect, an error may have been made in [a petitioner's] sentence does not show § 2255 to be 'inadequate or ineffective' as the law defines those terms.") (Doc. 11-2 at 1).

We also observe that Pryce neither claims that he is actually innocent of the offense of felon in possession of a firearm to which he pled guilty in the United States District Court for the Southern District of New York, nor of the offenses for which he was convicted in the Commonwealth of Massachusetts that were relied upon in formulating the plea agreement he entered into whereby he was identified as a career offender and his federal sentence was enhanced. Rather, he argues that "he is actually innocent of being a career offender" because his Massachusetts convictions were not

categorized in a manner consistent with *Begay* and *Chambers*, and that, therefore, he was convicted for a "nonexistent offense." (*See* Doc. 13 at 2, 3, 4-5.)

However, as recognized by this Court, and by other courts who have considered this argument, one is not convicted of being an "armed career criminal." Rather, this status is utilized as a basis to enhance a federal sentence. Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by § 2255 would be inadequate or ineffective. *See Sorrell v. Bledsoe*, Civil No. 3:09-CV-2476, slip op., (M.D. Pa. Feb. 19, 2010) (Kosik, J.)(Doc. 11-2 at 53) (citing *Sines*, 2009 WL 2365406, at *3); *Prince*, 2009 WL 3719399, *2 (Doc. 11-2 at 1); *Mackey v. United States*, 2009 WL 2407666, *2 (S.D. Fla. Aug. 4, 2009) (adopting Magistrate Judge's finding that, to qualify for relief under "savings clause" of § 2255, movant would have to establish his underlying convictions were rendered "non-existent") (Doc. 11-2 at 21).

Based on the foregoing reasoning, we lack jurisdiction to consider Pryce's claims challenging his sentencing as a career offender and to provide him with the relief he seeks in the form of conducting a hearing to determine the recalculation of his sentence. Therefore, we must dismiss the instant Petition and deny the pending Motions (Docs. 12, 14) as moot. However, dismissal is without prejudice to Pryce's ability to take any action he deems appropriate under § 2255 to preserve and present

his issues in a second or successive motion to vacate, set aside, or correct his sentence.

An appropriate Order will enter on today's date.